Barbour, Ch. J.
There can be no doubt that the three defendants against whom the judgment was recovered, in an action brought against them jointly, were joint debtors within the letter of section 5 of the act of 1838, 'which empowers a creditor to make a compromise with, and discharge one or more of his joint debtors, without affecting the liability of the others. For certainly the sum found by the judgment to be due from the one party to the other is a debt established and determined by the law, which cannot be disputed so long as the judgment remains unsatisfied either in fact or in.law. Indeed, the act of 1845 (p. 110, ch. 257), expressly authorizes a joint debtor in a judgment, thus compromising, to have the judgment satisfied as to himself.
The counsel for the appellant claims, however, that the three defendants against whom judgment was recovered in the original action were not joint debtors, according to the intent and meaning of the act of 1838, so as to bring them within its provisions, inasmuch as they appear to have been joint tortfeasors, between whom there can be no right to compel contribution, and *410 he urges that “ the infallible test of joint debtorship is that of contribution.”
Without considering the question whether the legal proposition thus presented by the learned counsel is or is not correct, it is. sufficient to say that the evidence before us is quite insufficient to enable us to determine whether the defendants might or might not be entitled to contribution inter sese, in case of payment by one or more of them. True, the action was for negligence, but the negligence imputed to Fowler, as owner merely, was quite different from that charged against the Woods as tenants and occupants of the premises, and, for aught that appears, the obligations and duties of one of those classes to the other may have been such as to entitle the latter to recover such sums as he may be compelled to pay under the judgment. The Woods claim in their answer in effect that the injury was caused by the fault and negligence of the landlord, while the latter asserts the reverse, and we cannot say which, or whether either, is right.
The judgment and order should be affirmed, with costs.
Freedman, J., concurred.
Sedgwick, J.
If the instrument made by the plaintiff to Jonathan O. Fowler is within the terms of the act for the relief of partners and joint debtors, clearly the other debtors in the judgment remained liable upon it, and the defendants are liable upon the undertaking given by them.
But if that instrument is not within the act, the defendants must, at least, make it appear by proof that Fowler was discharged from the judgment, in order to claim that such a discharge operated in favor of the others jointly liable upon it.
The only proof given on this point was the making *411 of the instrument referred to and its delivery to Fowler. It does not appear in the case that the latter ever used it to procure a satisfaction or discharge of the judgment of record, so far as he was concerned. If we should take for granted, however, that such a satisfaction or discharge was effected, it would be made by the clerk only by virtue of the supposed applicability to the case of the joint debtors’ act. If, in fact, it was not within the act, the instrument would not justify the clerk proceeding upon it to absolutely satisfy the judgment, because such would not be the purpose of the party making it, as shown by its contents.
The appellant’s position, that the case not being one under the joint debtors’ act, Fowler was released or discharged from the judgment, rests alone upon the terms of the instrument referred to. As to this, we must say that it was not a release (so as to need no consideration to uphold it, and so as to be in law a satisfaction), for it had no seal. Being without a seal,-in order to bind the party making it, it must be supported by a consideration. The money paid by Fowler, however, was but a part of a sum altogether, and cannot be a consideration for a new obligation by a party receiving that money.
In either aspect of the case, whether it is or is not controlled by the joint debtors’ act, the judgment should be affirmed.